Our second case of the day is Jannke v. Gierach. Ms. Volpe Good morning, Your Honors. May it please the Court. Ariel Volpe on behalf of Petitioner Terence Jannke. Mr. Jannke is currently spending 30 years in prison in connection with an overdose death of a woman because his trial counsel failed to call a material exculpatory witness. The District Court never considered the merits of it because it found that Mr. Jannke had procedurally defaulted. That was error. As Mr. Jannke explained, the prison's miscalculation of his deadline prevented him from gaining access to the law library until the night his petition was due to the Wisconsin Supreme Court. That establishes clause. The State acknowledges that the- I must say I don't understand that argument. I don't understand even that that argument was made in the District Court. Your brief seems to confuse the amount of time available to all inmates with the extra time available to inmates with looming deadlines. But what I didn't see was an argument that the petitioner had tried to use the regularly available time and been unable to use it. Was such an argument made? Well, Mr. Jannke below said that sometimes inmates have 40 minutes, sometimes they have none at all, and it's the prison policy to give inmates guaranteed access based on their deadline. I understand about the guaranteed access bit. Was there an argument in the District Court? For that matter, is there an argument here that this man attempted to use the regularly available time and was unable to do it? I think it's implicit in what Mr. Jannke said before the District Court that he obviously didn't have time to prepare his petition until he was guaranteed access. He had quite a lot of time, quite a number of days. I could imagine saying, I went on Monday and they turned me away. I went on Tuesday, they turned me away. I went on Wednesday, they turned me away. And my time finally ran out. Was there anything like that in the District Court? There certainly is not on appeal. So the District Court didn't hold an evidentiary hearing on this? I'm not asking whether the District Court held a hearing. I'm asking whether he made that kind of contention in the District Court. I think it is implicit in what he told the District Court. In other words, the answer is no, he did not. He did not say that he attempted to use the library on this, this, and this day. Everything seems to have been focused on this reserved time or guaranteed time rather than the regularly available time. But what reason do we have to think that the regularly available time was inadequate? Well, because he didn't, he wasn't able to prepare his petition. If he had access to the regularly available time then We don't even have an affidavit from him saying, I tried to use the regularly available time but was turned away, or anything like that. That's a factual assertion that is very important, at least to me, and seems utterly missing. Now I know it's too late for you on appeal to do what your client did not, but is there any facsimile of that in the District Court? Again, I think it's implicit in what Mr. Yonke said, and he was pro se before the District Court. So this court can construe what he said liberally, and I think liberally construed he did say, sometimes you only have 40 minutes, sometimes you have none at all. I think it's implicit that he didn't get that time. And so, as the state acknowledges, there are factual gaps in the record, and so the correct course of action would be to remand to the District Court so that the District Court can accept evidence about what exactly Mr. Yonke did and how he was prevented from accessing the law library before his petition was due. And just to clarify, your argument is not that procedural default should be excused because the librarian allegedly gave him the wrong due date. Your argument is based on the lack of access to the law library because of that, correct? Correct. It's the connection of the two. And I think the challenge in the record is that below he argued that he didn't have access to the law library until April 12th, which was the day the application was due. But there isn't anything else leading up to that, that he didn't have access. What about the week before? Typically you see some type of an affidavit or something to raise that particular factual issue. I understand, Your Honor. And again, Mr. Yonke was pro se below, so I think he did the best he could. And that's why he said sometimes you only get 40 minutes, sometimes you get none at all. And I think the fact that the prison has this policy in place that guarantees inmates access is an acknowledgement that they don't have adequate access leading up to that time. So that's why inmates have to give their decision. That's why the prison librarian calculates the deadline. And that's why you get three or four days of hours of blocks of time. Because as we all know, it takes time to prepare a petition to vindicate your constitutional rights. So again, I think Mr. Yonke did the best he could, being pro se before the district court. And we think the proper course is to remand for the district court to address those evidentiary gaps. And a remand wouldn't be futile. Mr. Yonke did present a meritorious and effective assistance of counsel claim. Mr. Yonke's trial counsel, Mayer, failed to call a material exculpatory witness that would have toppled the two pillars of the state's case. At trial, the state argued that Mr. Yonke provided that there was I don't think there's any point in trying to get into the merits. The district court didn't reach them. If we agree with the procedural issue, we'll remand to the district court. Okay, Your Honor. If the court has no further questions about the procedural account, I'll leave the rest of my time for rebuttal. Mm-hmm. Thank you. Thank you, counsel. Mr. Kellis. Good morning. May it please the court. John Kellis on behalf of the respondent. Without a sufficient evidentiary record to support his request, Mr. Yonke is asking this court to effectively find cause and prejudice to excuse his procedural default and then also declare his trial counsel ineffective based on unproven and untested allegations. And I'm asking this court to reject those requests and affirm the district court's order and judgment here, holding, I guess, first and foremost, that the stated excuse for why Mr. Yonke had not filed his petition for review in the Wisconsin Supreme Court as a matter of law does not constitute cause. With his allegations below that the law librarian effectively misguided him about the date that it was due and this, I guess, distinction between, you know, how much time is available and what the average or, I guess, what the normal routine prisoner might have access to, at the end of the day there wasn't really an allegation here that that prevented him from actually getting his petition for review filed in time. You know, we are dealing with a pro se. And while it is true that the arguments in the district court were slightly different than they are here, he did argue below, as I see it, that the law library hours were restricted and that he was not guaranteed any access to the law library until the day his petition for review was due. Although it's true that he did not specifically mention the fact that he was not given library time until just before and after his filing deadline. Why isn't his argument close enough to the one he is making now to deem it not waived, particularly because we do review pro se filings generously and we allow pro ses to refine their arguments on appeal when they were pro se. Two things. I guess, first and foremost, I acknowledge that, yes, as a pro se party, this court has routinely liberally construed pleadings, district courts do as well. And I'm not trying to challenge that. I guess the issue that I see here is that this isn't a matter of saying, as the argument is in the appellate brief, that he effectively had no ability to do the research or work on this until the day it was due. That's not what the argument was made below. If that were the case, I suspect the district court very well may have had an evidentiary hearing to test some of those allegations. What the allegations really were below, though, is that we effectively have maybe some reduced time in which an individual can have access to the law library, but there's not even any indication that that was inadequate, that there weren't enough hours. And it was really focused more on this librarian giving the incorrect date and not the connection of, well, if the librarian gave me the wrong date, that then prevented me from getting access until the day it was due. And even that is not, there were no allegations made below either that this was a situation in which the first day that he was allowed, that he had preemptively, when he received the court of appeals decision, that he's taking the steps necessary to get access to the law library, that he's submitting that. The only thing that was submitted as far as the actual library documents had to do with the week of the petition being due. Nothing to indicate that he actually had made any requests before that. Nothing to say that he had been prevented from doing anything before that. What we really have is, I guess, a belated assertion now that the prison did not allow him to have access to the library until the day of. But again, that's different than the allegation of, well, maybe we can only have an hour or two per day, some days, some days not at all. There's a difference there. And I think that that's really the problem here is that by not articulating what the, I guess in his view, the true reason was for not getting his petition filed on time, we don't have a record to establish what actually happened. And I think that that's really the critical problem here, is that because of the pleading deficiencies here, not only do we not have a record for it, but even as illustrated by the district court's decision below, it wasn't even apparent to the judge that that's his argument, that Mr. Yockey's argument was that he didn't have access or enough access to the library in order to get his document prepared and filed. I will indicate, so based on the arguments that were made, I am asking this court to effectively declare that the excuse of a law librarian gave me inadequate, or I'm sorry, the law librarian gave me the incorrect due date paired with, you know, I guess the most time that someone may want or not unfettered access to the law library does not constitute cause in order to excuse a procedural default such as this. If the court is not inclined to go that route and if it decides that either this argument that was made was sufficiently articulated from the appellate brief, that that was sufficiently articulated below such that the court wants to address this, I don't see any route that that can be accomplished without a remand for an evidentiary hearing. As indicated, we have effectively Mr. Yockey's assertion about what access he had, what restrictions were placed on him, what the law librarian did, and none of that has been tested, none of that's been definitively established at all. There's really no way for this court to decide based purely on that whether he actually established cause to overcome this procedural default. Could we jump to the merits? We could. I think that's, I guess, the other issue here is prejudice. Even if he establishes cause, that doesn't necessarily allow him to overcome. Even though the district court didn't address the merits? Correct. I mean, I think, I see where you're going. I mean, I think that if the court is confident still that there's a lack of prejudice from the record, I think it could go that route. But even that, I guess, is problematic in that if the court believes that it cannot decide the substantive ineffective assistance of counsel claim, which even that would be really difficult to do because, again, there's been no evidentiary hearing on that claim either, it would be difficult for this court to say that there's any real, that there was merit to that claim or that there was established prejudice that would go along with that cause and allow him to overcome. Could the petitioner even get a hearing on that claim, though? Not a hearing about cause and timeliness, but a hearing on the ineffective assistance of counsel claim before the district court? Hasn't Shin foreclosed that? If, I mean, I think if the, given the lack of evidentiary record, I mean, I don't see how he would otherwise have any chance of prevailing on his claim short of that. I mean, we haven't had. No, I think, counsel, this is a question about 2254E. The court's factual foundation for ruling that trial counsel's decision not to call the witness Anderson, for instance, was strategic. I mean, did the state court, okay. Unreasonably apply Strickland by making this determination about the trial counsel strategy without having any testimony from the trial counsel? Yeah, sure, it's true. We had secondhand, you know, that appellate counsel had been in touch with trial counsel. But, you know, maybe some of that's just hearsay. I don't know what it could be. No, I understand. And I think this might get into a distinction, and it's not really, I guess, addressed in our brief so much as this distinction between an argument based on Strickland and whether this was contrary to or unreasonable application of Strickland as opposed to potentially like an Anders claim to suggest that the court didn't conduct the proper inquiries or go through the right steps in order to determine that there was no arguable merit. But that's not the claim that was raised in the district court or before this court. We had this standalone claim of Strickland, and based on the record that's before the court and the representations made by appointed appellate counsel, I don't think that that was an unreasonable application. And we have, you know, Strickland obviously is very deferential to counsel's decisions. We have these representations that this particular witness, Anderson, had a whole slew of issues regarding his testimony and his multiple changing stories and the issues of the credibility and how that could have impacted the trial, I guess, against the defense. So with that, given the information that was presented to the court at the time, I don't believe is an unreasonable application. The court acknowledged the standard that it was to apply, I believe recognized Strickland here. And it's not, even if this court were to believe that maybe it would have decided differently on this exact same Strickland claim, that doesn't mean that it's unreasonable. No fair-minded jurist could look at this record before the court and decide that it was a reasonable decision not to call Anderson to testify. So because of that, I guess it's kind of twofold here. We have the lack of cause because Mr. Yonke either failed to preserve his arguments for why this court would entertain these arguments, but also the lack of prejudice in that ultimately his claim is a losing one on ineffective assistance of counsel. The Court of Appeals was correct here to conclude that it saw no merit to that. And because of that, I think even if the court were to go that far to conclude that an evidentiary hearing may be warranted to the established cause, that even so, maybe that's all for nothing. You might want to come back to the question whether 2254E permits an evidentiary hearing. I believe, and I'm sorry, Your Honor. I'll give you a little bit more on that. The Supreme Court in Shin said that a federal habeas court cannot conduct an evidentiary hearing in a Strickland claim unless you meet the requirements of 2254E, which would require that the new claim rest on a rule of constitutional law or you're presenting facts that couldn't have been presented below. I guess I don't know. I mean, granted, to some degree, Mr. Yonke had the opportunity to present information to the Court of Appeals when the no merit report was filed, so I guess it's not as though he didn't have the opportunity to present something. I'm not positive, unfortunately. I guess in the end, though, I don't know if the court or I should say the court really doesn't need to get there just because the lack of established cause here at most would warrant an evidentiary hearing to address that. But for the reasons that we've stated here, I'm asking that the court even reject that request given the fact that that's not what Mr. Yonke argued below. And he's effectively, I mean, it's not so much a nuanced or I guess an evolving argument. I mean, this is a different argument than what he made below. So with that, I am asking that the court affirm the district court's decision to dismiss Mr. Yonke's petition. And that's all I have. Thank you, Your Honor. Thank you, Mr. Kellis. Anything further, Ms. Volpe? I just want to make two quick points. One, with respect to this forfeiture argument, I mean, Mr. Yonke did, I think, present the ingredients. This court, reading what happened below, recognized that there might be an event external and granted a certificate of appealability and appointed counsel to argue this on appeal. And so that's what we've done. I think those, again, the ingredients were there. We just repackaged them and made it crisper. Two, with respect to Your Honor's question about Shannon, whether the court can hold an evidentiary hearing, we respectfully request that this court order supplemental briefing very short just to address that question. Thank you. Ms. Volpe, thank you very much for your willingness and that of your law firm to accept the appointment in this case and your assistance to the court as well as your clients. This case is taken under advisement.